Bernard FEINBERG
v.
AUTOMOBILE BANKING COR-
PORATION.

Civ. A. No. 68–1083.

United States District Court
E. D. Pennsylvania.

July 11, 1969.

Sidney Schulman, Rappeport & Magil, Philadelphia, Pa., for defendant, Automobile Banking Corp.

Joseph Neff Ewing, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

## OPINION

HANNUM, District Judge.

This is the defendant's motion for summary judgment in a suit by the plaintiff to collect an alleged commission owed to him for privately placing with a fraternal benefit society four junior subordinated notes of the defendant.

Ashwell & Company, a commercial paper broker, was authorized by the defendant to represent it in the transaction and the agreed upon commission was to be 3% of their combined face amount of the notes. This was confirmed in a letter from Ashwell & Company to the defendant dated March 8, 1967. On October 11, 1967 the defendant sent Ashwell & Company a letter specifying the exact fee which it agreed to pay as $68,-373.54 at settlement in connection with the placement of the notes.

The plaintiff's claim rests upon a letter dated October 11, 1967 from Ashwell & Company to him, in which Ashwell agreed to pay him $57,873.54 as the discount upon the four notes upon receipt from the defendant. The plaintiff alleges that he had obtained a lender, ready, willing and able to make the loan and on October 6, 1967 the lender accepted the defendant's terms in their entirety and committed itself to make the aforementioned loan. The defendant admits receiving a temporary loan from

the society but claims that it was "a wholly unrelated, independent transaction, with which the defendant (sic) had no connection."

The plaintiff at the time of the placement of the notes was not registered as a dealer or as a salesman under the Illinois Securities Act. He, however, claims that he was exempt from registration under Sec. 4, subd. C of the Illinois Security Act (S.H.A. Ch. 121½ Sec. 137.4, subd. C) which provides for certain exempt transactions namely in, "The sale of Securities * * * to any corporation, bank, savings institution, trust company, *insurance company,* * * * or to *any association engaged as a substantial part of its business or operations in purchasing or holding securities* * * *."

The Polish Roman Catholic Union is a fraternal benefit society with assets of almost $53,000,000 and holdings in bonds and stocks of $34,000,000. The definition of a fraternal benefit society is found in article XVII of the Illinois Insurance Code of 1937 (S.H.A. Ch. 73 Sec. 894). Section 927 of the same chapter provides that, " * * * every fraternal benefit society shall be subject to other applicable provisions of this Code * * * " (S.H.A. Ch. 73 Sec. 927). It appears that a fraternal benefit society is to be treated as an insurance company in all matters, except for specific provisions dealing with fraternal benefit societies as such. Indeed in the principal case relied upon by the defendant it is stated, "We think that a correct statement of the law is this: The term 'insurance company,' in its broader meaning, includes fraternal beneficiary societies; in its restricted sense and confining it to its literal meaning, it does not include such societies." Peterson v. Manhattan Life Ins. Co., 244 Ill. 329, 91 N.E. 466, 470 (1910). The court there adopted a restricted meaning in regard to a question propounded in a medical examination whether the deceased had been "declined or postponed by any company." It concluded in the light of certain established rules, namely, that insurance contracts are to be construed against those who frame them, and that any doubt or ambiguity in them is to be resolved in favor of the insured, that "a certificate in a mutual benefit and social society was not within the description, 'policy of life insurance in any other company' ".

The holding of that case does not prevent this court from ruling here that the society is an insurance company for the purposes of section 4, subd. C dealing with exempt transactions.

The society also appears to fit within the classification as an association having a substantial part of its business in purchasing or holding securities, therefore, defendant's motion must be denied.